IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-375 |
| | § | C.A. No. C-06-244 |
| GEORGE RIECK, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING GOVERNMENT
MOTION TO DISMISS, DENYING MOTION TO VACATE SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is George Rieck's ("Rieck") motion to vacate his sentence under 28 U.S.C. § 2255. (D.E. 83.)[1] Also before the Court is the government's answer and motion to dismiss Rieck's motion as time-barred. (D.E. 86.) Rieck has filed a reply (D.E. 90), which the Court has also considered.

For the reasons set forth herein, the Court GRANTS the government's motion to dismiss because Rieck's motion is time-barred. It therefore DISMISSES his § 2255 motion and also DENIES him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. CRIMINAL PROCEEDINGS

On December 10, 2003, Rieck was charged in a two-count indictment with mailing threatening communications, in violation of 18 U.S.C. § 876, and with making retaliatory

---

[1] Docket entries refer to the criminal case, Cr. No. C-03-375.

threats against a federal judge,[2] in violation of 18 U.S.C. § 115(a)(1)(B). (D.E. 1.)  Rieck

pleaded not guilty and a jury trial was held on March 2, 2004.  (D.E. 31.)  The jury returned

a guilty verdict as to both counts.  (D.E. 37.)

On August 5, 2004, the Court sentenced Rieck to 37 months on each count, the

sentences to run concurrently.  The Court also imposed a three-year supervised release term

on both counts, to run concurrently, and imposed a $100 special assessment on each count.

(D.E. 75, 77.)  Judgment was entered on August 5, 2004.  (D.E. 77.)

Rieck did not appeal.  Instead, he filed the instant § 2255 motion on May 29, 2006.[3]

### III.  MOVANT'S ALLEGATIONS

Rieck asserts five grounds for relief in his § 2255 motion.  First, he claims that he

was denied his right to appeal because the undersigned and Carlos Trevizo, Supervising

Deputy United States Marshal for the Corpus Christi Division, threatened him with the

"possibility of death if [he] filed an appeal."  (D.E. 83 at 5.)

Second, he argues that the portion of his judgment in which the Court recommended

that he attend sex offender counseling "increased his state prison term without

authorization."  (Id.)  He further claims that the same recommendation by the Court

---

[2]  The judge to whom the threats were allegedly made was United States District Judge
John D. Rainey.

[3]  The Clerk received Rieck's motion on June 12, 2006.  The motion indicates that it was
signed, however, on May 29, 2006. (D.E. 83 at 7.)  That is the earliest date it could have been
delivered to prison authorities for filing, and it is thus deemed filed as of that date. See Houston v.
Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is
delivered to prison authorities for mailing, postage pre-paid); United States v. Young, 966 F.2d
164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255
proceedings).  Even utilizing the earlier date, Rieck's motion is untimely, as discussed herein.

"constitutes double jeopardy and vacates movant's state conviction." (Id.)

Third, he claims that his sentence in this case violated "double jeopardy" because the sentence, when combined with sentences Rieck received in another federal case and a state case, resulted in a 19-year prison sentence.

His fourth claim is unclear, but he appears to be claiming that he was denied effective assistance of counsel because his counsel in this case did not object to the inclusion of his former sex offense in the PSR and to its use by the Court at sentencing.

Fifth and finally, he claims that he was retaliated against by the undersigned, Carlos Trevizo, and various state prisons, including Karnes County Detention Center, Brooks County Detention Center and the Nueces County Jail.  He claims that he filed grievances and an affidavit asserting a violation of constitutional rights and that he was retaliated against as a result.  In his supporting brief, he alleges that he was "not only threatened in this cause but was assaulted with severe bodyly [sic] harm by order of Carlos Trevizo and aided by Hayden Head."  Specifically, he claims he was assaulted by a gang member, receiving three broken ribs, and that the gang member was hired by Mr. Trevizo to break Rieck's ribs because Rieck had filed grievances.[4]

The government moves for dismissal on the grounds that Rieck's motion is untimely. (D.E. 86.)  Rieck acknowledges that his motion was filed more than one year after his conviction became final, but argues that he failed to file it previously because "his life was

---

[4]  Although the Court does not reach the merits of any of Rieck's claims due to the untimeliness of his motion, it notes that this fifth claim is not even a proper § 2255 claim because it does not challenge his sentence or conviction in this case.

in danger by Carlos Trevizo and his gang members." (D.E. 83, Brief at p. 2.)

In his reply, Rieck's primary argument is that his § 2255 motion should be granted because the government did not timely file its response. His argument is flatly contradicted by the record. (See D.E. 84 (July 24, 2006 order that the government respond to Rieck's § 2255 motion within 60 days; D.E. 86 (government's response and motion to dismiss, filed September 8, 2006.) Other than this meritless argument, his reply essentially reiterates his earlier claims.

## IV.  ANALYSIS

### A.    Recusal

Although Rieck has not specifically asked this Court to recuse itself, his motion contains several allegations of misconduct by this Court. Specifically, he claims that he was threatened by the possibility of death if he filed an appeal, by Mr. Trevizo and the undersigned. (D.E. 83 at 5.) He also claims that this Court retaliated against him because he filed grievances, and aided Mr. Trevizo in ordering an assault on Rieck. (Id. at 6.)

Whether these allegations are treated as a request for recusal pursuant to 28 U.S.C. § 144 or whether the Court *sua sponte* considers the propriety of recusal pursuant to 28 U.S.C. § 455(a), the Court concludes that recusal is not proper in this case. Under Section 144, a complaining party must present facts tending to show that the judge has "a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Section 455 states that any judge  "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice

4

concerning a party ...” 28 U.S.C. § 455. Recusal is required where the moving party demonstrates that an objective reasonable person fully informed of the underlying facts “entertain significant doubt that justice would be done absent recusal.” United States v. Lauersen, 348 F.3d 329, 334 (2d Cir. 2003).

Notably, the standard for bias is not “subjective” but “objective.” That is, the determination of whether a judge’s impartiality might be questioned or whether he has a personal bias or prejudice is determined “with reference to the ‘well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person... .’” Andrade v. Chojnacki, 338 F.3d 448, 454-55 (5th Cir. 2003) (quoting United States v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995)).

The initial determination of whether an affidavit under § 144 is sufficient to require recusal can be made by the judge whose recusal is sought. See Doddy v. Oxy USA, Inc., 101 F.3d 448, 458 n.7 (5th Cir. 1996) (when the issue of recusal arises, whether through a motion to recuse under § 455, an affidavit of prejudice under § 144, or the judge’s own motion, the judge has the option to transfer the recusal matter to another judge for decision or determine it himself). Additionally, a motion to recuse is committed to the discretion of the district judge. Garcia v. Woman’s Hosp. of Texas, 143 F.3d 227, 229-230 (5th Cir. 1998); Andrade, 338 F.3d at 454. Thus, a denial of a motion to recuse may be reversed only upon showing that the district court abused its discretion. Andrade, 338 F.3d at 454.

In this case, the Court has reviewed the entirety of Rieck’s motion and finds that it does not state an adequate basis for recusal. He merely asserts baseless claims, without

5

any supporting evidence, that this Court somehow participated or encouraged an assault to take place against him because he had filed grievances and that it "threatened" him if he appealed.  Nothing in the record of this case suggests that this Court has any prejudice or bias against Rieck at all.  Moreover, his claims that this Court was involved in ordering an attack upon him or in threatening him are completely and utterly false  and he provides no evidence in support of them. Cf. Cheney v. U.S. District Court for Dist. of Columbia, 541 U.S. 913, 914 (2004) (order by Justice Scalia denying motion to recuse and noting that "whether a judge's impartiality can reasonably be questioned is to be made in light of the facts as they existed, and not as they were surmised or reported.") (internal quotations and citation omitted); id. at 923-24 (Justice Scalia using his own personal knowledge of facts to dispute the "facts" as set forth in the motion for recusal and attached newspaper clippings).

In short, there is no basis for recusal.  The Court thus addresses whether Rieck's § 2255 motion is timely filed.

**B.    Timeliness of 28 U.S.C. § 2255 Motion**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(1).  The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired.  Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

As previously noted, Rieck did not appeal.  Thus, his conviction became final when the time for filing an appeal expired.  Judgment in this case was entered on August 5, 2004. (D.E. 77.)  A defendant must file a notice of appeal from a criminal judgment not later than ten days after entry of judgment.  Fed. R. App. P.  4(b).  As calculated under Fed. R. App. P.  26, those ten days exclude intermediate Saturdays, Sundays and legal holidays. Calculated under Rule 26, ten days after August 5, 2004 was August 19, 2004.  Rieck's conviction therefore became final on August 19, 2004.

He had one year from that date, or until August 19, 2005, to file a § 2255 motion. Because he did not file his motion until May 29, 2006, his motion was filed more than nine months late.  Accordingly, it is untimely, utilizing § 2255(1).

The statute also provides certain alternative dates upon which the limitations period may begin, however.  Specifically, it provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Rieck appears to be arguing for the application of subsection (2) to his case, because the primary explanation he offers for his late filing is that "his life was in danger by Carlos Trevizo and his gang members."  (D.E. 83 at Brief, p. 2.)[5]  This subsection is inapplicable in this case, however, because Rieck has not provided any evidence, other than his bare allegations, that Mr. Trevizo was in any way involved in ordering an attack on him, a claim which the Court finds unbelievable on its face.[6]

Rieck attaches to his motion grievances that he filed, all of which were filed ***prior*** to his sentencing in this case,[7] in which he complains that he is being held in protective custody.  In response to each of these grievances, a prison official indicates that Rieck is being held in protective custody due to an order of this Court, communicated through the U.S. Marshal's Office.

---

[5]  This could also be construed as a request for equitable tolling.  Because the Court finds no merit in the factual contentions underlying his claim for tolling, those contentions do not entitle him to equitable tolling, either.

[6]  The claims have also been explicitly rejected by another judge in the Southern District of Texas.  That is, Rieck made the same claims in a civil action filed against Mr. Trevizo in the Houston Division of the Southern District of Texas, Civ. No. H-04-3276.  United States District Judge Sim Lake granted summary judgment against his complaint, dismissing one of his claims without prejudice for failure to exhaust, and dismissing his remaining claims with prejudice. Judge Lake specifically found:

> [T]he court has reviewed the summary judgment evidence and finds no probative evidence supporting Rieck's allegations that Trevizo arranged for Daniel and the other two inmates to attack him.  Rieck fails to present probative evidence of either a retaliatory act or intent by Trevizo, or causation.  His claims for retaliation based on the alleged inmate attack will be dismissed.

(Civ. No. H-04-3276, D.E. 43 at 12.)

[7]  The grievances are dated March 13, 2004, March 15, 2004, and May 28, 2004. (See D.E. 83 at Exhibits.)  Rieck was sentenced on August 5, 2004.

At sentencing, Rieck's attorney acknowledged that Rieck had been in protective custody by Court order, and the Court ordered that defendant be removed from this jurisdiction as quickly as possible and that he be sent back to the custody of the State of Texas to complete an undischarged state sentence. (D.E. 75.)  But those facts do not at all support a claim that Rieck was unable to file his § 2255 motion in the year following his sentencing.  Indeed, Rieck has not submitted anything showing that he filed any grievances in the year following his sentencing, nor has he submitted anything showing that this Court or Mr. Trevizo prevented him in any way from timely filing his § 2255 motion.

In his reply, he offers a second, different explanation for his late filing.  Specifically, he claims that he is not time-barred because he filed a cause of action against Mr. Trevizo within the one-year time limit, and that the filing of this action tolled the statute of limitations.  This contention, too, is without factual or legal support.  The cause number he references is a civil action in which he alleged that Mr. Trevizo retaliated against him.  Nowhere in that civil complaint, however, did he challenge his conviction or sentence in this federal case, nor did he state a claim cognizable under § 2255. (See Civ. No. H-04-3276, D.E. 28 (March 21, 2005 order describing and categorizing the allegations in Rieck's complaint).)  Thus, this claim of tolling based on his earlier-filed civil complaint is without merit.

Rieck has not shown that he is entitled to any type of tolling, and his motion is untimely.  For these reasons, the government's motion to dismiss is GRANTED and Rieck's § 2255 motion is DENIED as time-barred.

9

## C.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Rieck has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide

whether Rieck has stated a valid claim for relief, because he cannot establish the second

Slack criterion.  That is, reasonable jurists could not disagree that his motion is time-barred.

 Accordingly, Rieck is not entitled to a COA.

## V.  CONCLUSION

For the foregoing reasons, the government's motion to dismiss (D.E. 86) is

GRANTED, and  Rieck's motion to vacate pursuant to 28 U.S.C. § 2255 (D.E. 83) is

DISMISSED as time-barred.   Additionally, Rieck is DENIED a Certificate of

Appealability.

ORDERED this 14th day of March, 2007.

HAYDEN HEAD
CHIEF JUDGE