**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff/Respondent, § | | |
| § | | |
| V. § | | CR. No. C-03-375 |
| § | | C.A. No. C-09-183 |
| GEORGE RIECK, § | | |
| Defendant/Movant. § | | |

**MEMORANDUM OPINION AND ORDER
DISMISSING WITHOUT PREJUDICE MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE,
ORDER DENYING CERTIFICATE OF APPEALABILITY,
AND ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*__**

By Order signed and entered March 14, 2007, the Court denied as time-barred Movant George Rieck's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.E. 91.)[1] Final judgment was entered the same day. (D.E. 92.) Rieck did not appeal. On July 27, 2009, the Clerk received from Rieck another motion pursuant to 28 U.S.C. § 2255 (D.E. 96), as well as a motion to proceed *in forma pauperis* (D.E. 97), both of which are pending before the Court and addressed herein.

**I.      Motion Pursuant to 28 U.S.C. § 2255**

   **A.      Rieck's Motion Is Second or Successive**

In his § 2255 motion, Rieck asserts a single ground for relief. Specifically, he claims that the crime with which he was charged was "expunged" in the early part of 2003 and thus

---

[1] Docket entry references are to the criminal case.

"the crime for which petitioner is being incarcerated did not exist on the date of petitioner's supposed offence." (D.E. 96 at 4.) Hr further argues that neither his attorney nor the prosecutor had knowledge of the change in law and that the jury was "misinformed." (Id.) He asks that the Court "change" this cause of action and allow him to plead guilty to simple assault, to sentence him to time served and to order him released as soon as possible. (D.E. 96 at 11.)

The Court concludes that it is not necessary to order a government response to Rieck's § 2255 motion because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Specifically, Rieck's motion is subject to dismissal because it is a second or successive § 2255 motion and Rieck has not sought or received authorization from the Fifth Circuit Court of Appeals to file it.

As noted, Rieck already filed one § 2255 motion, which was previously dismissed by the Court. His latest filing is a "second or successive" motion pursuant to 28 U.S.C. § 2255, which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on

>collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The Fifth Circuit has explained that a subsequent § 2255 motion is "second or successive" when it:

>(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or
>
>(2) otherwise constitutes an abuse of the writ.

United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted). The Orozco-Ramirez court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. 211 F.3d at 869. By contrast, where the facts supporting a claim arise after the filing of the initial § 2255 motion, such a claim may be filed in a subsequent § 2255 motion and will not be considered "second or successive."

Rieck does not cite to any authority in his motion, nor does he provide any argument in support of his claim that the law under which he was convicted was not in effect on the date he committed the offense. In any event, even assuming his allegations to be true, the facts underlying this claim clearly occurred before he filed his initial § 2255 motion. Accordingly, his motion is "second or successive."

As such, Rieck was required to seek, and acquire, the approval of the Fifth Circuit

3

before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Rieck's motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over his motion. For the foregoing reasons, Rieck's motion is DENIED WITHOUT PREJUDICE.

### B. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rieck has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").[2]

---

[2] As of December 1, 2009, absent contrary Congressional action, amended Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS will become effective. This rule will require a district court to issue or deny a COA at the time the court enters a final order adverse to the movant. Although amended Rule 11(a) is not yet effective, the practice it requires is a sound one that the Court employs now. Nothing in the current version of the § 2255 rules prohibits the Court from addressing a COA prior to a notice of appeal being filed.

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is unnecessary for the Court to address whether Rieck's § 2255 motion states a valid claim of the denial of a constitutional right, because he cannot establish the second Slack criteria. That is, the Court concludes that reasonable jurists could not debate the denial of Rieck's § 2255 motion on procedural grounds. Under the plain record of this case, his motion is second or successive, and he has not sought or received authorization from the Fifth Circuit to file it. Accordingly, Rieck is not entitled to a COA.

**II.     Motion to Proceed *in forma pauperis***

As noted, Rieck has also filed a motion to proceed *in forma pauperis*. (D.E. 97.) Rieck's motion to proceed *in forma pauperis* is unnecessary. For purposes of filing fees, a motion filed under § 2255 is essentially a continuation of the defendant's criminal case. See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996) (characterizing § 2255 motions and indicating that it was not a civil action for purposes of the Prison Litigation Reform Act). In this district, no filing fee is required to file such a motion. Accordingly, there is no need

for *in forma pauperis* status in this matter.  For the reasons set forth above, Rieck's motion to proceed  *in forma pauperis* (D.E. 97) is DENIED AS MOOT.

## III.   Conclusion

For the foregoing reasons, Rieck's motion pursuant to 28 U.S.C. § 2255 (D.E. 96) is DISMISSED WITHOUT PREJUDICE to his ability to refile it after seeking and receiving permission from the Fifth Circuit. Additionally, Rieck is DENIED a Certificate of Appealability.  Finally, Rieck's motion to proceed *in forma pauperis* (D.E. 97) is DENIED AS MOOT.

It is so ORDERED this 7th day of August, 2009.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE